T.C. Summary Opinion 2006-80

UNITED STATES TAX COURT

JOSEPH ORLANDO BECKFORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 906-05S.                    Filed May 16, 2006.

Joseph Orlando Beckford, pro se.

<u>Vivian N. Rodriguez</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2003 a deficiency in petitioner's Federal income tax of $2,943. The issues for decision are whether petitioner is entitled to: (1) A dependency exemption deduction for his niece, (2) an earned income credit, (3) a child tax credit, and (4) an additional child tax credit.

## Background

The stipulation of facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Miami, Florida.

During 2003, petitioner was 24 years old. Petitioner lived in a house with his mother Thelma Blake (Ms. Blake), his brother, and his niece TW.[1] TW is the daughter of petitioner's sister. At the time, TW was 7 years old.

Petitioner was employed as a computer repair technician by Sygnetics, Inc. and Alienware Corp. in 2003. Ms. Blake was employed in 2003, and she earned approximately $35,000 to $40,000 that year.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2003, reporting wages of $11,132 and adjusted gross income of $11,132. Respondent issued to petitioner a statutory notice of deficiency determining that petitioner is not entitled to a dependency exemption deduction for TW, an earned income

---

[1]The Court will refer to the minor child by her initials.

credit, a child tax credit, or an additional child tax credit, because he failed to substantiate his claims.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[2]  Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

### Dependency Exemption

Petitioner claimed a dependency exemption for TW for 2003. Respondent disallowed the deduction contending that petitioner has failed to provide any substantiation that he provided more than half of TW's support during 2003.

Section 151(c)(1) allows a taxpayer to claim an exemption deduction for each qualifying dependent.  A daughter of a sister of the taxpayer is considered a "dependent" so long as the child's gross income for the calendar year in which the taxable year of the taxpayer begins is less than the exemption amount, and more than half the child's support for the taxable year was received from the taxpayer.  Secs. 151(c)(1)(A), 152(a)(6).

Although petitioner contends that he took care of TW in 2003 and that he provided more than half of TW's support, he has failed to offer any records to corroborate his testimony.

---

[2]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations.  This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

Petitioner explained that he lacked documentation because he generally paid TW's expenses in cash.

Petitioner and Ms. Blake shared the expenses for support of the household.  According to petitioner, he "helped with" paying the mortgage, the utilities, and "most of everything".  The record is unclear as to the amount of expenses paid for the household.  It is also unclear how petitioner and Ms. Blake allocated the expenses between them.  It appears that petitioner contributed to the household expenses whenever he was able and that he did not pay a set amount to Ms. Blake.  The Court is unable to determine how much of the expenses paid by petitioner related to TW.

TW attended private school and her tuition was approximately $287 per month.  Ms. Blake testified that both she and petitioner together paid TW's tuition.  Petitioner, however, failed to offer any records or receipts from the school to show the amount of TW's expenses or how those expenses were paid and allocated.

Ms. Blake, by her own admission, earned about three times as much as petitioner in 2003.  The Court concludes that petitioner has not offered sufficient evidence to show that he provided more than half of TW's support in 2003.

Earned Income Credit

Respondent disallowed the earned income credit, contending that petitioner has failed to substantiate that he treated TW as his own child.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed, and section 32(b) prescribes different percentages and amounts used to calculate the credit based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a qualifying child, a taxpayer must establish, inter alia, that the child bears a relationship to the taxpayer prescribed by section 32(c)(3)(B), that the child meets the age requirements of section 32(c)(3)(C), and that the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).

In order for a niece to meet the relationship requirement of section 32(c)(3)(B), the taxpayer must show that he cared for the niece as his own child. Sec. 32(c)(3)(B)(i)(II).

Petitioner has not offered any evidence to show that he cared for TW as if she were his own daughter. Even if petitioner did provide some financial support for TW, it is insufficient to

show that he cared for TW as his own child in 2003.  This Court has indicated that merely contributing financially to the support of an individual does not rise to the level of caring for the individual as one's own child.  See Mares v. Commissioner, T.C. Memo. 2001-216; Smith v. Commissioner, T.C. Memo. 1997-544.

Although petitioner is not eligible to claim an earned income credit under section 32(c)(1)(A)(i) for a qualifying child, he may be an "eligible individual" under section 32(c)(1)(A)(ii) even if he does not have any qualifying children.  For 2003, a taxpayer is eligible under this subsection only if his adjusted gross income was less than $11,230.  Rev. Proc. 2002-70, 2002-2 C.B. 845.  Petitioner's adjusted gross income was $11,132.

Accordingly, petitioner is eligible for an earned income credit.

Child Tax Credit and Additional Child Tax Credit

For 2003, petitioner claimed a child tax credit of $29 and an additional child tax credit of $63 with TW as the qualifying child.  Respondent determined that petitioner is not entitled to either.

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer.  The term "qualifying child" is defined in section 24(c).  A "qualifying child" means an individual with respect to whom the taxpayer is allowed a

deduction under section 151, who has not attained the age of 17 as of the close of the taxable year and who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B).  Sec. 24(c)(1).

Since petitioner is not allowed a deduction with respect to TW as a dependent under section 151, TW is not qualifying child. In the absence of a qualifying child in 2003, petitioner is not entitled to claim a child tax credit.

The child tax credit is a nonrefundable personal credit that was added to the Internal Revenue Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 101(a), 111 Stat. 796, with a provision for a refundable credit, the "additional child tax credit", for families with three or more children.  For taxable years beginning after December 31, 2000, the additional child tax credit provision was amended to remove the restriction that only families with three or more children are entitled to claim the credit.  See sec. 24(d)(1); Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, sec. 201(c)(1), 115 Stat. 46.

In the absence of other nonrefundable personal credits, a taxpayer is allowed to claim a child tax credit in an amount that is the lesser of the full child tax credit or the taxpayer's Federal income tax liability for the taxable year.  See sec. 26(a).

If the child tax credit exceeds the taxpayer's Federal income tax liability for the taxable year, a portion of the child tax credit may be refundable as an "additional child tax credit" under section 24(d)(1). For 2003, the additional child tax credit is allowed in an amount that is the lesser of the remaining child tax credit available or 10 percent of the amount by which the taxpayer's earned income exceeds $10,500. Sec. 24(d)(1)(A) and (B), (d)(3); Rev. Proc. 2002-70, sec. 3.04, 2002-2 C.B. at 847. The refundable and nonrefundable portions of the child tax credit cannot exceed the total allowable amount of the credit.

Petitioner is not entitled to claim an additional child tax credit because he did not qualify for a child tax credit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.